UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICK D.,

              Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 3:24-CV-5864-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of medical opinion evidence from consultative psychological examiner M. Kristin Price, Ph.D. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

I.  **Background**

Plaintiff filed a claim for SSI on December 4, 2020, alleging disability beginning on March 15, 2020.[2] Dkt. 7, Administrative Record ("AR") 135, 268–71. His application was denied at the initial level and on reconsideration. AR 144, 157. He requested a hearing before an ALJ, which took place on November 29, 2023. AR 89–113, 194. Plaintiff was represented by counsel at the hearing. *See* AR 89. On December 21, 2023, the ALJ issued an unfavorable decision denying benefits. AR 14–34. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6, 253–55. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

In the final decision, the ALJ found Plaintiff had the severe impairments of Addison's disease due to adrenal insufficiency, autoimmune polyendocrine syndrome type two, anxiety, depression, obesity, chronic kidney disease, and obstructive sleep apnea. AR 20. Despite these impairments, the ALJ found Plaintiff had the RFC to perform light work as described in 20 C.F.R. § 416.967(b) with certain caveats:

> [T]he claimant can lift and carry 20 pounds occasionally and ten pounds frequently; sit, stand, and walk about six hours out of an eight-hour workday; can frequently climb ladders, ropes, and scaffolds; frequently kneel, crouch, and crawl; and must avoid concentrated exposure to extreme cold, extreme heat, and hazards. He can do simple routine work for an eight-hour workday with regular breaks.

AR 22.

---

[2] An ALJ issued an unfavorable decision on a prior claim on June 24, 2010. AR 114–34.

## II.     Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III.    Discussion

Plaintiff contends the ALJ erred in evaluating evidence of his fatigue and memory deficits, resulting in further errors at step three of the sequential evaluation and when assessing Plaintiff's RFC. Dkt. 9 at 1. He contends the proper remedy for these errors is remand for an award of benefits. *Id.*

A.  *Scope of Review*

As a preliminary matter, Defendant contends Plaintiff's opening brief sufficiently raises only one issue: "whether substantial evidence supports the ALJ's finding that Plaintiff's

subjective complaints were not entirely reliable when there was both a finding of malingering from a credited medical source, and Plaintiff's complaints conflicted with his medical records, activity level, improvement with treatment, and work history." Dkt. 13 at 1. In his opening brief, Plaintiff's argument begins: "The ALJ's evaluation of Plaintiff's fatigue and memory problems was not supported by substantial evidence when the record is considered as a whole." Dkt. 9 at 2. He then states, "Plaintiff's fatigue was documented largely through his reports to the medical sources and the lay witness statements. Plaintiff's memory issues were described by the lay witnesses and treating and examining sources." *Id.*

      Defendant specifically argues Plaintiff has waived any challenge to the ALJ's evaluation of the medical opinion evidence in the record because, "while his brief discusses the medical opinions, it does not raise any challenges to their consistency or supportability, the two most important factors in assessing the persuasiveness of a medical opinion or cite the regulation governing evaluation of medical opinions[.]" Dkt. 13 at 3. Plaintiff replies that "[t]he errors in the ALJ's consideration of the evidence were global and needed to be addressed in such a fashion, rather than being parsed out based on whether the reasoning applied to subjective allegations or medical opinions, which would have led to unnecessary duplications of the discussions." Dkt. 14 at 1. He argues, "[t]he ALJ's consideration of Plaintiff's fatigue and memory issues was based on incomplete references to the record which impacted the evaluation of Plaintiff's memory impairment at Step Three, the consideration of his allegations and the medical opinions about the impact of these symptoms, and the assessment of the [RFC]." *Id.* at 2.

      Plaintiff's opening brief devotes a section of his argument concerning the evaluation of his alleged memory deficits to the ALJ's consideration of Dr. Price's evaluation. *See* Dkt. 9 at 7–11. Plaintiff notes that the ALJ found some of Dr. Price's conclusions persuasive and argues that

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

these conclusions were not consistent with other evidence in the record. *See id.* at 10. As Plaintiff specifically challenges the ALJ's findings on Dr. Price's conclusions, the Court finds Plaintiff has not waived the challenge to the ALJ's evaluation of Dr. Price's medical opinion.

B. *Medical Opinion Evidence*

When evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[3] Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency

---

[3] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

On December 8, 2021, Dr. Price performed a psychiatric assessment of Plaintiff with psychological testing, including the Wechsler Memory Scales – IV ("WMS-IV"), Trail-Making A and B, and the Wechsler Adult Intelligence Scales – Digit Span subtest. AR 444–50. Plaintiff earned low scores in the auditory memory, visual memory, and visual working memory subtests of the WMS-IV. AR 446–47. Dr. Price opined Plaintiff showed an "uneven level of effort during the examination." AR 446. Consequently, she believed the results of the WMS-IV "do not appear to provide a valid estimate of current memory functioning; there is an impression of suboptimal motivation during testing." *Id.* Based on the pattern of scores, Dr. Price found no significant difference between immediate memory and delayed memory performance, which she found "consistent with an ability to retain information once learned." AR 447.

On the Digit Span subtest, which provides another measure of working memory, Plaintiff earned a score in the high average range. *Id.* On the Trail-Making tasks, which are associated with scanning, visual-motor tracking, and cognitive flexibility, Plaintiff scored within the expected range for Trails A, paused for 30 seconds before initiating Trails B, and completed the more complex Trails B with three sequencing errors. *Id.* He identified but did not correct the errors. *Id.* Dr. Price found his completion time for Trails B was longer than expected and opined "[i]mpairment in focus and visual-motor tracking may be present." *Id.*

On the mental status examination ("MSE"), Dr. Price noted fair grooming and hygiene; orientation to time, place and person; and organized initial presentation of information. AR 447–

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

48. She found Plaintiff's speech was spontaneous and generally coherent, with typical pace but occasional response latencies. AR 448. His abstract thinking, mastery of common knowledge, and judgment were fair. *Id.* Dr. Price noted mild impairment in focus, stating Plaintiff was able to spell "world" backwards, complete serial sevens rapidly and accurately, and accomplish a three-step task, but he asked for repetition of instructions to complete several tasks on testing. *Id.* Plaintiff presented with dysphoric mood but did not endorse suicidal thoughts, thoughts of harm to others, or hallucinations. *Id.* Dr. Price noted "a subjective report of moderate memory impairment," including impairment in short-term memory and inability to remember "'new chains of information,'" but "good recall for numeric information." *Id.* However, Dr. Price wrote, "objective results related to memory impairment were not established in formal testing." AR 448–49.

      In sum, Dr. Price opined, "[w]hile some degree of memory impairment is possible, test results are not sufficient to establish a level of impairment related to memory issues" because "[c]urrent test results are not considered valid due to suboptimal motivation during test administration." AR 449. Dr. Price further concluded Plaintiff's level of productivity in a work setting "would be affected by poor stamina." *Id.* With help from accommodations, he "would be able to perform routine and familiar tasks," including "likely be[ing] able to perform data entry and related tasks," but Dr. Price noted he "would have mild difficulty with task persistence." AR 449–50. Dr. Price concluded Plaintiff "would have adequate ability to make simple judgments" but "would not be reliable in making more complex judgments" and "may require more time for learning new skills and technical information." AR 450.

      The ALJ found Dr. Price's opinion partially persuasive. The ALJ accepted Dr. Price's evaluation "to the extent that it indicates no objective basis for a memory impairment and her

report does not indicate an inability to do at least simple routine work." AR 28. The ALJ found these conclusions were supported by the MSE and the "few test results without questionable validity," and stated they were consistent with Plaintiff's reported activities and "the nature and effects of mental health treatment." AR 28–29.

However, the ALJ rejected Dr. Price's opinion that Plaintiff would require more time for learning new skills and technical information. AR 29. The ALJ found this opinion was not persuasive, stating it was not supported by Plaintiff's performance on the MSE, which showed "rapid and accurate serial sevens and average intelligence with high average ability in some areas," and not consistent with Plaintiff's reported activities of daily living. *Id.*

The ALJ provided no explanation as to how the cited MSE performance measures are related to the rejected portion of Dr. Price's opinion. Reciting serial sevens does not have a clear relationship to learning new skills or technical information. And Dr. Price gave no indication that this opined limitation was related to Plaintiff's intelligence level. Rather, she noted "poor stamina" and "mild difficulty with task persistence" among Plaintiff's challenges. AR 449–50.

Similarly, the ALJ's statement that this portion of Dr. Price's opinion was inconsistent with Plaintiff's reported interests, hobbies, and activities lacks any explanation for the supposed inconsistency. The activities that Plaintiff reported to Dr. Price, including model cars, trading cards on the internet, playing videogames, preparing simple meals, and washing dishes, are not clearly inconsistent with Dr. Price's opinion that Plaintiff may require more time for learning new skills and technical information. In the absence of any further explanation, the Court cannot conclude these reasons are supported by substantial evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

ultimate findings."). This error was not harmless. Had the ALJ properly evaluated this opinion evidence, the RFC may have included additional limitations, or the ultimate determination of disability may have changed. Accordingly, remand is appropriate.

The Court finds the ALJ's reasons for rejecting a portion of Dr. Price's opinion were not supported by substantial evidence in the record. Because this error requires reversal, the Court directs the ALJ to reconsider Dr. Price's entire opinion on remand. Further, as the Court finds harmful error, the Court declines to consider the remaining arguments. Rather, on remand, the ALJ is instructed to re-evaluate the entire sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two physicians' findings).

C. *Remedy*

Plaintiff argues the proper remedy for the ALJ's errors is remand for an immediate award of benefits. Dkt. 9 at 17. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *see also Garrison*, 759 F.3d at 1020.

The Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts or that no issues remain that must be resolved. Because there are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy, remand for further administrative proceedings is appropriate.

## IV.  Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning March 15, 2020. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 5th day of May, 2025.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10